**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

DAN NGUYEN,

    Petitioner,

    v.

ATTORNEY GENERAL, et al.,

    Respondents.

CIVIL ACTION NO. 3:12-0177

(JUDGE CAPUTO)

(MAGISTRATE JUDGE CARLSON)

## **MEMORANDUM**

Presently before the Court is the Report and Recommendation ("R & R") of Magistrate Judge Carlson to Petitioner Dan Nguyen's Emergency Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. (Doc. 9.)  At the time Magistrate Judge Carlson issued his recommendation, Petitioner had been in custody for five months following the entry of a final removal order from the United States.  Presently, Petitioner has been in custody for approximately eight months.  Because detention of Petitioner now exceeds the presumptively reasonable six-month detention period, the Court will recommit the matter to the Magistrate Judge to make a recommendation on whether Petitioner has provided good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, and if so, whether the Government can rebut that showing,

## **I. Background**

Petitioner, a native and citizen of Vietnam, commenced this habeas action on January 31, 2012.  As set forth in greater detail in Magistrate Judge Carlson's R & R, Petitioner's immigrant status was adjusted to a conditional resident spouse of a United States Citizen on November 13, 2003 after he married a United States citizen.  In 2010, however, Petitioner was found guilty of theft of government property in violation of 18 U.S.C. §§ 641, 642.  Subsequently, Immigration and Customs Enforcement ("ICE") commenced administrative removal proceedings against Petitioner.  On August 1, 2011, a Final Administrative Removal Order was signed, which found Petitioner subject to removal and he was ordered removed to Vietnam.  Although Petitioner initially requested withholding or

deferral of removal to Vietnam, he withdrew his request on October 18, 2011. Thus, Petitioner's removal order became administratively final on that day and he has remained in custody since October of 2011.

On January 31, 2012, Petitioner filed a petition for writ of habeas corpus. On March 20, 2012, Magistrate Judge Carlson recommended Petitioner's petition be denied, without prejudice, because, at that time, his five-month detention was presumptively reasonable under Supreme Court precedent. Petitioner filed timely objections to the Magistrate Judge's R & R.

## II. Discussion

Where objections to the Magistrate Judge's report are filed, the court must conduct a *de novo* review of the contested portions of the report. *Sample v. Diecks*, 885 F.2d 1099, 1106 n. 3 (3d Cir.1989) (citing 28 U.S.C. § 636(b)(1)(c)). However, this only applies to the extent that a party's objections are both timely and specific. *Goney v. Clark*, 749 F.2d 5, 6–7 (3d Cir.1984) (emphasis added). In conducting a *de novo review*, the court may accept, reject, or modify, in whole or in part, the factual findings or legal conclusions of the magistrate judge. *See* 28 U.S.C. § 636(b)(1); *Owens v. Beard*, 829 F. Supp. 736, 738 (M.D.Pa.1993). Although the review is *de novo*, the law permits the court to rely on the recommendations of the magistrate judge to the extent it deems proper. *See United States v. Raddatz*, 447 U.S. 667, 675–76, 100 S. Ct. 2406, 65 L. Ed. 2d 424 (1980); *Goney*, 749 F.2d at 7; *Ball v. United States Parole Comm'n*, 849 F.Supp. 328, 330 (M. D. Pa.1994). Uncontested portions of the report may be reviewed at a standard determined by the district court. *See Thomas v. Arn*, 474 U.S. 140, 154, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Goney, 749 F.2d at 7. At the very least, the court should review uncontested portions for clear error or manifest injustice. *See, e.g., Cruz v. Chater*, 990 F.Supp. 375, 376–77 (M.D. Pa.1998).

Pursuant to 8 U.S.C. § 1227(a)(2)(A)(iii), "any alien who is convicted of an aggravated felony at any time is deportable." The statute further provides that "when an alien is ordered removed, the Attorney General shall remove the alien from the United

States within a period of 90 days." 8 U.S.C. § 1231(a)(1)(A). Throughout this so-called removal period, "the Attorney General shall detain the alien." *Id*. at § 1231(a)(2). In this case, the removal period began on October 18, 2011, "the date the order of removal became administratively final." *Id*. at § 1231(a)(1)(B)(i). Furthermore, § 1231(a)(6) allows an alien who, among other things, has been convicted of an aggravated felony, to be detained for a removal period greater than 90 days. This does not allow for indefinite detention, however, and the Supreme Court has recognized a six-month period as presumptively reasonable. *Zadvydas v. Davis*, 533 U.S. 678, 701, 121 S. Ct. 2491, 150 L. Ed. 2d 653 (2001). At the conclusion of this six-month period, "once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id*.

Detention of Petitioner now exceeds the presumptively reasonable detention period prescribed by the Supreme Court by approximately two months. *See Zadvydas*, 533 U.S. § 701. As such, the Court will reject the Magistrate Judge's Report and Recommendation. However, because the Magistrate Judge did not make a recommendation as to whether Petitioner has provided good reason to establish that there is no significant likelihood of removal in the reasonably foreseeable future, and if so, whether the Government can rebut that showing, the matter will be recommitted to the Magistrate Judge for a determination on those issues. In that regard, the Magistrate Judge, if necessary, may request the parties to provide supporting evidence to aid in the resolution of these issues.

### III. Conclusion

For the above stated reasons, the Magistrate Judge's Report and Recommendation will be rejected. The matter will be recommitted to Magistrate Judge Carlson for further proceedings.

An appropriate order follows.

| | |
|---|---|
| June 12, 2012 | /s/ A. Richard Caputo |
| Date | A. Richard Caputo |
| | United States District Judge |