IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAN NGUYEN, | : | CIVIL NO. 3:12-CV-177 |
| | : | |
| Petitioner, | : | (Judge Caputo) |
| | : | |
| v. | : | (Magistrate Judge Carlson) |
| | : | |
| ATTORNEY GENERAL, et al., | : | |
| | : | |
| Respondents. | : | |

**MEMORANDUM ORDER**

This case involves a habeas corpus petition filed on January 31, 2012, by Dan Nguyen, a native and citizen of Vietnam, and a previously convicted felon who was ordered removed from the United States in October of 2011. On March 20, 2012, we issued a report and recommendation which found that Nguyen, who had at that time remained in custody for approximately 5 months following the entry of this final removal order, had experienced a post-removal detention period that was specifically authorized by statute and fell well within the presumptively reasonable 6-month period prescribed by the United States Supreme in Zadvydas v. Davis, 533 U.S. 678 (2001). Accordingly, on March 20, 2012, we recommended that this petition be denied without prejudice.

The District Court has now remanded this matter for further consideration, noting that the presumptively reasonable 6-month period prescribed by the United States Supreme in Zadvydas v. Davis, 533 U.S. 678 (2001) has elapsed while the original report and recommendation was under consideration by the Court. Cases construing Zadvydas recognize that the presumptively reasonable six-month detention period described by the Supreme Court is just that–a presumptively reasonable period of detention. It is not an ironclad time frame within which aliens must be removed, or released. Moreover, echoing the Supreme Court's observation that "[t]his 6-month presumption, of course, does not mean that every alien not removed must be released after six months," id. at 701, courts have concluded that an alien who has been held longer than six months awaiting removal still bears an initial burden of proof to secure release pending removal. In such instances, "in order to state a claim under Zadvydas the alien not only must show post-removal order detention in excess of six months but also must provide evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." Akinwale v. Ashcroft, 287 F.3d 1050, 1052 (11th Cir. 2002). See, e.g., Rodney v. Mukasey, 340 F. App'x 761, 764 (3d Cir. 2009); Encarnacion-Mendez v. Attorney General, 176 F. App'x 251, 254 (3d Cir. 2006); Joseph v. United States, 127 F. App'x 79, 81 (3d Cir. 2005).

In instances where an alien is unable to produce evidence demonstrating good cause to believe that there is no significant likelihood of removal in the reasonably foreseeable future, courts have frequently sustained continuing periods of detention pending removal well beyond the six-month time frame described as presumptively reasonable by the Supreme Court in Zadvydas, reasoning consistent with Zadvydas that: "[t]his 6-month presumption, . . ., does not mean that every alien not removed must be released after six months.  To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." Zadvydas, 533 U.S. at 701.  See, e.g., Joseph v. United States, 127 F. App'x 79 (3d Cir. 2005) (11 months); Sun v. Holder, No. 10-2186, 2010 WL 5391279 (M.D. Pa. Dec. 22, 2010)(10 months); Joseph v. Lowe, No. 10-1222, 2010 WL 3835872 (M.D. Pa. Sept. 24, 2010) (10 months); Boyce v. Holder, 09-2254, 2010 WL 817482 (M.D. Pa. March 9, 2010)(18 months); Robinson v. District Director, No. 09-637, 2009 WL 3366439 (M.D. Pa. Oct. 19, 2009) (1 year); Brown v. Attorney General, No. 09-313, 2009 WL 2225431 (M.D. Pa. July 23, 2009) (10 months); Aishrat v. Mukasey, No. 08-786, 2008 WL 3071003 (M.D. Pa. Aug. 1, 2008) (10 months); Cyril v. Bureau of Immigration and Customs Enforcement, No. 05-2658, 2006 WL 1313857 (M.D. Pa. May 11, 2006) (10 months); Nma v. Ridge, 286 F.Supp.2d 469 (E.D.Pa. 2003)(11 months).

With this legal analytic framework in mind IT IS ORDERED as follows:

1. On or before **June 28, 2012**, the Petitioner shall file an amended petition and brief which " not only must show post-removal order detention in excess of six months but also must provide evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." <u>Akinwale v. Ashcroft</u>, 287 F.3d 1050, 1052 (11th Cir. 2002).

2. The Respondents may then file a response to this amended petition on or before **July 12, 2012**.

3. Petitioner shall, if he so desires, file a reply to the response within fourteen (14) days of its filing, but not later than **July 26, 2012**.

So ordered this 13th day of June 2012.

                                             *S/Martin C. Carlson*
                                             Martin C. Carlson
                                             United States Magistrate Judge