IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAN NGUYEN, | : | CIVIL NO. 3:12-CV-177 |
| | : | |
| Petitioner, | : | (Judge Caputo) |
| | : | |
| v. | : | (Magistrate Judge Carlson) |
| | : | |
| ATTORNEY GENERAL, et al., | : | |
| | : | |
| Respondents. | : | |

**REPORT AND RECOMMENDATION**

I.  **Factual and Procedural Background**

This case involves a habeas corpus petition filed on January 31, 2012, by Dan Nguyen, a native and citizen of Vietnam, and a previously convicted felon who was ordered removed from the United States in October of 2011. In his petition, Nguyen sought habeas corpus relief in the form of an order directing his release from immigration custody pending the completion of these removal proceedings.

On March 20, 2012, we issued a report and recommendation which found that Nguyen, who had at that time remained in custody for approximately 5 months following the entry of this final removal order, had experienced a post-removal detention period that was specifically authorized by statute and fell well within the presumptively reasonable 6-month period prescribed by the United States Supreme

in Zadvydas v. Davis, 533 U.S. 678 (2001).  Accordingly, on March 20, 2012, we recommended that this petition be denied without prejudice.

On June 12, 2012, the District Court remanded this matter for further consideration, noting that the presumptively reasonable 6-month period prescribed by the United States Supreme in Zadvydas v. Davis, 533 U.S. 678 (2001) has elapsed while the original report and recommendation was under consideration by the Court. Accordingly, we set a schedule for further briefing in this matter.  In response to this order, the Respondents have now notified us that Nguyen has been released from immigration custody pending his removal from the United States.  In light of Nguyen's release on bond, the Respondents suggest that this petition is now moot.

We agree.

**II.    Discussion**

The United States is correct in suggesting that, in light of the action recently taken by immigration officials, this case is now moot and should be dismissed.  The mootness doctrine recognizes a fundamental truth in litigation: "[i]f developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot." Blanciak v. Allegheny Ludlum Corp., 77 F.3d

690, 698-99 (3d Cir. 1996). In the context of habeas corpus petitions mootness questions often turn on straightforward factual issues. Thus:

> [A] petition for habeas corpus relief generally becomes moot when a prisoner is released from custody before the court has addressed the merits of the petition. Lane v. Williams, 455 U.S. 624, 631(1982). This general principle derives from the case or controversy requirement of Article III of the Constitution, which "subsists through all stages of federal judicial proceedings, trial and appellate ... the parties must continue to have a personal stake in the outcome of the lawsuit."Lewis v. Cont'l Bank Corp., 494 U.S. 472, 477-78 (1990) (internal citations and quotations omitted). In other words, throughout the litigation, the plaintiff "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Id. at 477(citations omitted).

DeFoy v. McCullough, 393 F.3d 439, 441-442 (3d Cir. 2005)

The mootness doctrine often applies with particular force to habeas petitions filed in immigration matters. In the context of federal habeas petitions brought by immigration detainees, it is well-settled that administrative action by immigration officials addressing the concerns raised by an alien's petition renders that petition moot. Burke v. Gonzales, 143 F. App'x 474 (3d Cir. 2005); Gopaul v. McElroy, 115 F. App'x 530 (3d Cir. 2004). Thus, for example, the deportation of an alien frequently makes an immigration habeas petition moot. See Lindaastuty v. Attorney General, 186 F. App'x 294 (3d Cir. 2006).

Moreover, the courts have spoken directly to the issue presented here; namely, whether, the release of an immigration detainee from ICE custody renders moot any further complaints regarding the fact of that detention. In <u>Sanchez v. Attorney General</u>, 146 F. App'x 547 (3d Cir. 2005), the United States Court of Appeals for the Third Circuit held that for petitioners like Nguyen who challenge their continued immigration custody pending removal proceedings under <u>Zadvydas</u>, a decision by immigration officials releasing the alien pending completion of removal proceedings makes the habeas petition entirely moot, and compels dismissal of the petition. <u>Sanchez</u>, 146 F. App'x at 548-49.

While the <u>Sanchez</u> decision is not precedential, it is highly persuasive as a "paradigm of the legal analysis [this Court] should . . . follow." <u>Drinker v. Colonial Sch. Dist.</u>, 78 F.3d 859, 864 n.12 (3d Cir. 1996). We find the reasoning in <u>Sanchez</u> compelling and conclude, consistent with <u>Sanchez</u>, that the dismissal of Nguyen's petition as moot is appropriate here since Nguyen has already received the relief he sought, release from ICE custody pending completion of his removal proceedings.

### III.   **Recommendation**

Accordingly, for the foregoing reasons, upon consideration of this Petition for Writ of Habeas Corpus, and the Notice of Mootness filed by the Government in this case, IT IS RECOMMENDED that the Petition be DISMISSED as moot.

The parties are further placed on notice that pursuant to Local Rule 72.3:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 14th day of June 2012.

                                            *S/Martin C. Carlson*
                                            Martin C. Carlson
                                            United States Magistrate Judge